UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CYNTHIA VEASLEY, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:21-cv-03768 |
| TORRES CREDIT SERVICES, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW COMES Plaintiff, CYNTHIA VEASLEY ("Plaintiff"), by and through her attorneys, Consumer Law Partners, LLC, complaining as to the conduct of TORRES CREDIT SERVICES, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

**PARTIES**

4. Plaintiff is a disabled consumer over-the-age of 18 residing in Cook County, Illinois, which is within the Northern District of Illinois.

5. Defendant is a third-party debt collection agency organized under the laws of the state of Pennsylvania, with its principal place of business located at 27 Fairview Street, Suite 301, Carlisle, Pennsylvania, 17015. Defendant's registered agent in Illinois is located at 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604. Defendant regularly uses credit reporting to collect upon consumers across the country, including those residing within the state of Illinois.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7. The instant action stems from Defendant's attempts to collect upon an energy bill ("subject debt") allegedly owed to Commonwealth Edison Company ("ComEd").

8. Plaintiff suffers from a variety of medical and physical ailments, and has been deemed disabled.

9. As a result, Plaintiff has been rendered unable to work, which has inherently caused many of Plaintiff's financial obligations to go into default, including the purported subject debt.

10. In 2021, Plaintiff was looking to improve her credit, so she accessed her credit report through TransUnion, and noticed that Defendant was reporting the subject debt as an collection account, with a balance of $836.00 (as of July 12, 2021), as follows:



11. Based on the information Defendant supplied to TransUnion, after Plaintiff's purported default with ComEd, the subject debt was subsequently assigned to Defendant for collection on or about February 12, 2020.

12. Plaintiff was taken aback by Defendant's reporting, as on the same TransUnion credit report, the subject debt was also being reported by Contract Callers Inc. ("Contract Callers") as an active collection account, with the same balance of $836.00 (as of July 9, 2021), as follows:

```
CONTRACT CALLERS INC #
501 GREEN STREET
3RD FLOOR SUITE 302
AUGUSTA, GA 30901
(866) 891-0407
Placed for collection:   12/16/2020           Balance:             $836           Pay Status:   >In Collection<
Responsibility:          Individual Account   Date Updated:        07/09/2021
Account Type:            Open Account         Original Amount:     $837
Loan Type:               COLLECTION           Original Creditor:   COMMONWEALTH EDISON
                         AGENCY/ATTORNEY                           COMPANY
                                              Past Due:            >$836<
Remarks: >PLACED FOR COLLECTION<
Estimated month and year that this item will be removed: 07/2026
```

13. Based on the information Contract Callers supplied to TransUnion, while the subject debt was initially assigned to Defendant for collection, ComEd subsequently reassumed the subject debt and placed it with Contract Callers for collection on or about December 16, 2020.

14. Upon ComEd's placement of the subject debt with Contract Callers, Defendant no longer had a right to collect upon the subject debt.

15. Yet, as evidenced by Plaintiff's credit report, Defendant has falsely communicated to the credit reporting agencies, including TransUnion, that it is actively collecting upon the subject debt

through the present day, despite the fact that Contract Callers is servicing the subject debt during this time.

16. Plaintiff has even spoken with Contract Callers, who informed Plaintiff that Defendant placed the subject debt in its office after ComEd reassumed the subject debt from Defendant.

17. Plaintiff was harmed by Defendant's communications to TransUnion and other credit reporting agencies, as Defendant falsely indicated that it was collecting upon the subject debt, when in reality, ComEd took the subject debt from Defendant and placed it with Contract Callers.

18. The erroneous reporting of the subject account paints a false and damaging image of Plaintiff. Specifically, the inaccurate reporting of the subject debt has had a significant adverse impact on Plaintiff's credit rating and creditworthiness because it misleads creditors into believing that Plaintiff has multiple collection accounts with both Contract Callers and Defendant, when in actuality, only Contract Callers has the lawful ability to report the subject debt.

19. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to her ability to regain a firm foothold on her creditworthiness, credit standing, and credit capacity

20. Frustrated and confused over Defendant's conduct, Plaintiff spoke with the undersigned counsel regarding her rights, resulting in expenses.

21. As a result of the conduct, actions, and inaction of Defendant, Plaintiff has suffered additional concrete harm, including but not limited to: the exacerbation of her physical and medical ailments, loss of sleep, and monitoring her credit file, and mental and emotional pain and suffering.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff repeats and realleges paragraphs 1 through 21 as though fully set forth herein.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

24. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

25. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant has been a member of the Association of Credit and Collection Professionals, an association of debt collectors, since 2003.[1]

26. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of 15 U.S.C § 1692e**

27. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

28. In addition, this section enumerates specific violations, such as:

> "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8); and

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

29. Defendant violated 15 U.S.C. §§ 1692e, e(8), and e(10) when it used false and deceptive means to collect and/or attempt to collect the subject debt. Specifically, it was false and misleading for Defendant to report the subject debt to TransUnion when Defendant no longer had the right to collect upon the subject debt. As stated, *supra,* the subject debt, which is owned by ComEd, was initially placed with Defendant for collection, however, ComEd reassumed the subject debt from

---

[1] https://www.acainternational.org/search#memberdirectory

5

Defendant, and subsequently assigned it to Contract Callers for collection. Yet, Defendant knowingly continued to communicate false information to the credit reporting agencies – i.e. that Defendant was still collecting up the subject debt. Defendant engaged in this false and deceptive behavior in an effort to secure additional payment on a debt which Defendant had no right to service.

      b. **Violations of FDCPA § 1692f**

30. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

31. Defendant violated §1692f when it unfairly and unconscionably attempted to collect upon the subject debt, despite the fact that Defendant no longer had the legal right to do so. By continuing to communicate false information to the credit reporting agencies, Defendant misled Plaintiff and other creditors into believing that Plaintiff had two collection accounts stemming from a past due ComEd bill, when in reality, she only had one account that was being serviced by a different third-party debt collection agency.

WHEREFORE, Plaintiff, CYNTHIA VEASLEY, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt, and from further credit reporting of the subject debt; and

    f.   Awarding any other relief as this Honorable Court deems just and appropriate.

DATED this 15th day of July, 2021.              Respectfully Submitted,

*/s/ Taxiarchis Hatzidimitriadis*
Taxiarchis Hatzidimitriadis #6319225
David S. Klain #0066305
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
teddy@consumerlawpartners.com

*Attorney for Plaintiff, Cynthia Veasley*